UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:08-CV-204-R

| | |
|---|---|
| AMERICAN GENERAL LIFE<br>INSURANCE COMPANY | PLAINTIFF |
| v. | |
| ESTATE OF CLINTON C. COOK III, deceased,<br>and JAMES SEGAL, M.D. | DEFENDANTS |
| v. | |
| ROBERT ROBERTS d/b/a<br>BOB ROBERTS INSURANCE | THIRD-PARTY<br>DEFENDANT |

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion for Leave to Deposit Insurance Proceeds into Court and Attorney's Fees and Costs (Docket #39). Defendants have responded (Docket #43). Third-Party Defendant has responded (Docket #41). Plaintiff has replied (Docket #47). The Court also considers Defendants' Motion Compel Plaintiff to Pay Interest (Docket #46) to which Plaintiff has responded (Docket #48). For the reasons that follow, Plaintiff's motion is DENIED and Defendants' motion is DENIED.

This matter arises from an interpleader action brought by Plaintiff American General Life Insurance Company to determine the rights to the proceeds of Clinton C. Cook III's life insurance policy. The parties have reached a settlement. Remaining are (1) Plaintiff's Motion for Leave to Deposit Insurance Proceeds into Court and for Attorney's Fees and Costs, and (2) Defendants' Motion to Compel Plaintiff to Pay Interest. The Court will consider each motion in turn.

Because an independent settlement has been reached by the parties in this matter, there is

no need for Plaintiff to deposit the proceeds of the life insurance policy with the Court. Accordingly, the Court finds that Plaintiff's Motion for Leave to Deposit Insurance Proceeds is moot.

A party properly invoking interpleader is entitled to reasonable attorney's fees and costs. *Mutual Life Ins. Co. of New York v. Bondurant*, 27 F.2d 464, 465 (6th Cir. 1928). District courts have broad discretion in awarding attorney's fees in interpleader actions. *Holmes v. Artists Rights Enforcement Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005). Having reviewed the record before it, the Court finds that Plaintiff is not entitled to an attorney's fee award at this time. The filing of the interpleader action provided legal certainty to Plaintiff and was simply part of the cost of doing business. This is the type of cost Plaintiff can reasonably expect to incur. For these reasons, the Court denies Plaintiff's Motion for Attorney's Fees and Costs.

Whether or not interest should be awarded in an interpleader action depends on equitable considerations. *Qasem v. Qasem, Inc.*, 966 F.2d 1454, *2 (6th Cir. 1992); *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982). Although Defendants contend that Plaintiff delayed in depositing the insurance proceeds with the Court, the Court finds that Plaintiff's actions were not so unreasonable as to warrant the payment of interest in this case. Therefore, the Court denies Defendant's Motion to Compel Plaintiff to Pay Interest.

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Leave to Deposit Insurance Proceeds is MOOT;

(2) Plaintiff's Motion for Attorney's Fees and Costs is DENIED; and

(3) Defendant's Motion to Compel Plaintiff to Pay Interest is DENIED.